UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHONDEL LARKIN,

         Petitioner,

    v.

D. DAVEY,

         Respondent.

No.  2:15-cv-0527 TLN GGH P

FINDINGS AND RECOMMENDATIONS

I.    <u>INTRODUCTION</u>

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges, on due process grounds, a prison rules violation report ("RVR") following a prison disciplinary conviction on the charge of obstructing a peace officer's duties on August 5, 2013 by refusing to accept his assigned housing.  Respondent filed a motion to dismiss on August 10, 2015; petitioner filed an opposition; and respondent has filed a reply.  Upon careful consideration of the record and the applicable law, the undersigned recommends that the motion to dismiss be denied.

/ / /

/ / /

/ / /

/ / /

1

II.      FACTUAL BACKGROUND

According to the RVR, on August 5, 2013, Correctional Officer McGraw approached a cell occupied by petitioner.  ECF No. 1 at 31.  McGraw explained that petitioner would have a new cellmate in order to consolidate incoming inmates.  Id.  He also noted that the new cellmate was compatible.  Id.  Thereafter, McGraw ordered petitioner to accept this new cellmate.  Id. Petitioner refused, handing him a note which stated, "I fear for my safety in a cell with other inmates.  I am also serving a SHU term for refusing to accept a cellmate."  Id.  McGraw informed petitioner that he would be receiving an RVR for this conduct.  Id.

The investigating employee took petitioner's statement which stated:

> I fear for my safety in a cell with other inmates and the inmate population.  On 2-8-12, I was attacked by another inmate, in which I informed prison staff that, I fear for my safety.  I was then removed from the inmate population for "safety concerns," and placed in AD-SEG (CCR Section 3335 (a)), pending an investigation.  See CDC Form 114-D, dated 2-8-12.  The investigation was never conducted.  I was also a victim of an in-cell assault, which was reported to prison staff and documented on a CDC Form 1882, Initial Housing Review, dated 5-13-11.  See CCR Section 3269 (b)-(d)(2).  I continue to inform prison staff of my "safety concerns," but they have been disregarded.  See Classification Chrono CDC Form 128-G, dated 4-4-13 and 6-12-13. Furthermore, I'm currently serving a determinate SHU term for Refusing to Accept Assigned Housing (CCR Section 3269(c) and 3269(d)), so why am I receiving another CDC Form 115? Moreover, inmate BROWN (P-96708) has a history of indecent exposure.   See CCR Section 3000, 3007, 3323(a)(7), and 3341.5(c)(K)(1)-(2).  Therefore, we are not compatible to house together.

ECF No. 1, at 32.

At petitioner's disciplinary hearing, petitioner pled not guilty and submitted the above statement to the investigating officer, as well as a request that Reporting Officer McGraw be called as a witness and asked two questions submitted by petitioner.  ECF No. 1, at 33-34. Officer McGraw was asked both questions by the investigative employee prior to the hearing. First he was asked whether petitioner informed him that he feared for his safety in a cell with other inmates.  He responded in the affirmative, but explained that petitioner's central filed had been reviewed and revealed that petitioner had been double cell cleared with compatible Sensitive Needs Yard inmates, and that such an inmate had been identified for housing with petitioner.  The

1   second question was whether petitioner had informed McGraw that he was currently serving a

2   determinate SHU term for refusing to accept assigned housing, and therefore why was he

3   receiving another RVR.  McGraw responded that yes, petitioner had given him a note to that

4   effect but stated that inmates may not refuse a housing assignment when case factors do not

5   preclude such.  Id. at 34.  Petitioner was found guilty of refusing to accept assigned housing, and

6   assessed a 90-day loss of credit forfeiture.  Id. at 33.  Petitioner's appeals were denied.  Id. at 43,

7   47.

8   III.  PROCEDURAL BACKGROUND

9          Petitioner's state habeas corpus petition, filed with the Sacramento County Superior Court

10  in regard to the RVR at issue in this case, alleged the disciplinary decision was not supported by

11  some evidence and that he was denied his due process right to call a witness, the reporting

12  employee to whom petitioner wanted to ask questions.  ECF No. 17-1, at 22-23, 34-35.  Petitioner

13  also included a claim of actual innocence.  Id. at 24.  In a reasoned decision, the Sacramento

14  Superior Court denied the petition.  Id. at 14-18.  Petitioner then filed a habeas petition, alleging

15  substantially similar claims, with the California Court of Appeal, which was summarily denied.

16  Id. at 77, 79-96.  Petitioner filed a petition with the California Supreme Court, which was also

17  summarily denied with a citation to In re Clark, 5 Cal.4th 750, 767-769 (1993).  Id. at 137-153,

18  197.  The federal petition, filed February 23, 2015, was initially filed in case number 14-cv-2497,

19  and severed from that action because it pertained to a different disciplinary conviction.  ECF No.

20  1; Larkin v. Davey, No. 14-cv-2497 TLN GGH P; ECF No. 14.

21         The motion to dismiss sets forth the procedural history of four prior RVRs pertaining to

22  the same conduct on previous occasions, petitioner's refusal to comply with a double cell request,

23  which resulted in the same claims brought to the California Supreme Court through five previous

24  habeas proceedings.

25         The first such incident reported by respondent was on June 19, 2012, when petitioner

26  refused to double cell and was issued a RVR for delaying a peace officer by refusing to accept

27  assigned housing.  It was noted that petitioner had received a prior RVR for refusing to accept

28  assigned housing in the past.  ECF No. 16-2 at 30.  Petitioner received 90 days forfeiture of

3

1    credit. Id. at 31. Petitioner filed habeas petitions claiming the RVR was not based on some

2    evidence and that he was denied an investigative employee. Id. at 6-7. The superior court denied

3    the petition as successive and duplicative because this was not petitioner's first habeas petition

4    and not the first time he had raised these same issues. Id. at 2-3. His later petitions to higher state

5    courts concerning this RVR were summarily denied. Id. at 43, 95. His federal habeas petition

6    concerning this RVR is pending. Id. at 149-151.

7            On October 2, 2012, petitioner refused to accept a cellmate, and received another RVR

8    with a ninety day credit forfeiture. ECF No. 16-3 at 32-36. His superior court habeas petition,

9    claiming lack of some evidence and denial of a witness, was denied on the merits. Id. at 14-15, 2-

10   3. The higher courts denied the petition summarily. Id. at 57, 116. Petitioner's federal habeas

11   petition concerning this RVR is pending. Id. at 168-170.

12           After refusing to house with a compatible cellmate on December 19, 2012, another RVR

13   was issued for delaying an officer, resulting in a ninety day credit loss. ECF No. 16-4 at 28-33.

14   Petitioner's habeas petition filed with the superior court raised lack of some evidence, denial of

15   his right to question a witness, and that he was not assigned an investigative employee at the

16   disciplinary hearing. Id. at 6-8. The superior court denied the petition, noting that petitioner had

17   previously filed the same claims raising the same issues, and to the extent there were any

18   challenges not previously raised, petitioner had not shown good cause for failing to raise them in

19   the earlier petition. The petition was denied as duplicative and successive and procedurally

20   barred. Id. at 2-3. The petitions filed with the state appellate and supreme courts were summarily

21   denied. Id. at 52, 103. The federal habeas petition filed in regard to this RVR is still pending. Id.

22   at 163-65.

23           Petitioner received another RVR in connection with refusing to accept a compatible

24   cellmate on May 2, 2013. He received a ninety credit loss as a result. ECF No. 16-5 at 37-40.

25   Petitioner's state habeas petition raised claims of lack of some evidence, and that the assigned

26   investigative employee failed to perform his duties. Id. at 10-11. This petition was denied on the

27   merits on March 18, 2014. Id. at 2-5. Later petitions were summarily denied. Id. at 54, ECF No.

28   16-6 at 57. The federal habeas petition filed in regard to this RVR was denied on the merits on

1   May 26, 2015.  ECF No. 16-6 at 59-62.  During the pendency of the federal action, the claims that

2   are the subject of the instant action were raised in an amended petition in that action, but severed

3   by the undersigned and ordered to proceed in a new action.  Id. at 60-61.

4          Also revealed in that federal action through exhibits filed by petitioner, were a second

5   round of state habeas petitions filed in regard to the May 2, 2013 RVR.  Larkin v. Davey, Civ.S.

6   No. 2:14-cv-2497 TLN GGH, ECF No. 16-1 at 37-40.  This petition alleged that the finding was

7   not supported by some evidence and that the prison's decision to deny him single cell housing

8   was arbitrary and without legitimate purpose.  The superior court on January 15, 2015, denied this

9   petition because petitioner had failed to attach documentation supporting his claimed requirement

10  of single cell housing and he further failed to state a prima facie case for relief.  Id.  Petitioner

11  filed habeas appeals from this decision with the state appellate and supreme courts, both of which

12  were summarily denied.  ECF No. 16-7 at 133, 135.

13  IV.  DISCUSSION

14         A.  Requests for Judicial Notice

15         Respondent has filed a request for judicial notice of court records pertaining to petitioner's

16  four previous RVRs concerning the same issues as presented here.  Respondent's request for

17  judicial notice is granted pursuant to Fed. R. Evid. 201, as it does not require the acceptance of

18  facts "subject to reasonable dispute" and is capable of immediate and accurate determination by

19  resort to a source whose accuracy cannot reasonably be questioned.  See In re Tyrone F. Conner

20  Corp., Inc., 140 B.R. 771, 781-82 (E.D. Cal. 1992); Fed. R. Evid. 201(b); Cal. ex. rel. RoNo,

21  L.L.C. v. Altus Fin. S.A., 344 F.3d 920, 931 n. 8 (9th Cir. 2003).  The court also takes notice of

22  its own records in this action.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court

23  may take judicial notice of its own records).

24         Petitioner has also requested that the court take judicial notice of prison disciplinary and

25  court records pertaining to his December 19, 2012 RVR, including the RVR report, and orders

26  issued by the Los Angeles Superior Court, the Court of Appeal of California, Second Appellate

27  District, and the California Supreme Court.  Petitioner has not filed these documents; however,

28  / / /

5

1   respondent has submitted these records in conjunction with its own RJN.  See RJN Nos. 9-11.

2   Therefore, petitioner's request is denied as moot.

3         B.  Exhaustion

4         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

5   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

6   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may

7   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

8   highest state court with a full and fair opportunity to consider all claims before presenting them to

9   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

10  1083, 1086 (9th Cir. 1985).

11        It is not enough that all the facts necessary to support the federal claim were before the

12  state courts, Picard, at 277, 92 S.Ct ., at 513, or that a somewhat similar state-law claim was

13  made.  See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887 (1995).  The habeas petitioner

14  must have "fairly presented" to the state courts the "substance" of his federal habeas corpus

15  claim.  Picard, supra, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514.  See also, Rose v.

16  Lundy, 455 U.S. 509, 102 S .Ct. 1198, 1204 (1982).

17        Petitioner has the burden of proving exhaustion of state court remedies and in California a

18  petitioner must present his claims to the California Supreme Court.  Cartwright v. Cupp, 650 F.2d

19  1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

20        In this case, the last state court rendering a judgment appears to have imposed an express

21  procedural bar, rendering exhaustion satisfied because no remaining state remedy exists.

22  Coleman v. Thompson, 501 U.S. 722, 732 (1991); Cassett v. Stewart, 406 F.3d 614, 621, n. 5 (9th

23  Cir. 2005).  Furthermore, petitioner has fairly presented his claim to the state's highest court, and

24  therefore he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1).  Respondent's claim

25  to the contrary is inconsistent with the acknowledgment that petitioner presented his habeas

26  claims to the state supreme court on October 31, 2014.  (ECF No. 13 at 7.)  See also Supreme

27  Court Pet., filed October 31, 2014.  (ECF No. 17-1 at 137-153.)  See Canon v. Holland, 2012 WL

28  4755060, at *20 (E.D. Cal. Oct. 4, 2012) (finding exhaustion argument internally inconsistent

1   with acknowledgement that claims were presented to California Supreme Court). Cf. Lynce v.

2   Mathis, 519 U.S. 433, 436 n. 4 (1997) (exhaustion futile as state's highest court previously

3   decided same issue in another case brought by petitioner).

4           Respondent misapprehends exhaustion principles, suggesting a litigation "Groundhog

5   Day," where exhaustion could never be accomplished because the highest state court denied the

6   petition on procedural grounds, but petitioner must nonetheless continue to seek exhaustion of the

7   procedurally barred petition.  This impossible to complete assertion by respondent is rejected.

8           C.  Procedural Bar

9           Respondent next argues that the California Supreme Court's decision citing to specific

10  pages of In re Clark intended to deny his petition based upon abuse of the writ as this portion of

11  Clark held that piecemeal presentation of claims constitutes such an abuse.  Therefore, respondent

12  contends, petitioner's claims are procedurally barred.

13          On January 28, 2015, the California Supreme Court denied the petition with the citation:

14  "(See In re Clark (1993) 5 Cal.4th 750, 767-769.)"  ECF No. 17-1 at 197.

15          Based on concerns of comity and federalism, federal courts will not review a habeas

16  petitioner's claims if the state court decision denying relief rests on a state law ground that is

17  independent of federal law and adequate to support the judgment.  Walker v. Martin, 562 U.S.

18  307, 131 S.Ct. 1120, 1127 (2011); Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2554

19  (1991); Harris v. Reed, 489 U.S. 255, 260-62, 109 S. Ct. 1038 (1989).  Generally, the only state

20  law grounds meeting these requirements are state procedural rules.  However, the procedural

21  basis of the ruling must be clear.  Ambiguous reference to procedural rules is insufficient for

22  invocation of procedural bar.  Calderon v. United States District Court (Bean), 96 F.3d 1126,

23  1131 (9th Cir. 1996).

24          A state rule is only "adequate" if it is "firmly established and regularly followed."  Bean,

25  96 F.3d at 1129 (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)); Bennett v.

26  Mueller, 322 F.3d 573, 583 (9th Cir.2003) ("[t]o be deemed adequate, the state law ground for

27  decision must be well-established and consistently applied.")  The state rule must also be

28  "independent" in that it is not "interwoven with the federal law."  Park v. California, 202 F.3d

1146, 1152 (9th Cir.2000) (quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469

(1983)).  Even if the state rule is independent and adequate, the claims may be heard if the

petitioner can show: (1) cause for the default and actual prejudice as a result of the alleged

violation of federal law; or (2) that failure to consider the claims will result in a fundamental

miscarriage of justice.  <u>Coleman</u>, 501 U.S. at 749–50.

The existence of cause for a procedural default must ordinarily turn on whether the

prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule.  <u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94, 111 S. Ct.

1454, 1476 (1991).  Examples of cause include showings "that the factual or legal basis for a

claim was not reasonably available to counsel," "that some interference by officials made

compliance impracticable," or "of ineffective assistance of counsel."  <u>Murray</u>, 477 U.S. at 488,

106 S. Ct. at 2645.  Prejudice is difficult to demonstrate:

> The showing of prejudice required under <u>Wainwright v. Sykes</u> is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'"  <u>Engle</u>, 456 U.S., at 135, 102 S.Ct., at 1575; <u>Frady</u>, supra, 456 U.S., at 166, 102 S.Ct., at 1593.  <u>See also</u> <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).  The habeas petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, supra, at 170, 102 S.Ct., at 1596.

<u>Murray v Carrier</u>, 477 U.S. at 493-494, 106 S. Ct. at 2648 (1986).

<u>Clark</u> at pages 767 to 769 addresses repeated presentations of previously raised and denied

claims.  The California Supreme Court set forth the California rule that such claims are not

permitted to be brought piecemeal by successive proceedings.  The court held that to entertain the

merits of a successive petition would be inconsistent with the recognition that "delayed and

repetitious presentation of claims is an abuse of the writ."  <u>Id.</u> at 769.  The court reasoned,

> Entertaining the merits of successive petitions is inconsistent with our recognition that delayed and repetitious presentation of claims is an abuse of the writ.

> "It is the policy of this court to deny an application for habeas corpus which is based upon grounds urged in a prior petition which has been denied, where there is shown no change in the facts or the

1    law substantially affecting the rights of the petitioner." [Citations.]

2    In re Clark, 5 Cal.4th at 769.

3    Based on the California Supreme Court's pinpoint citation to pages 767 through 769 of

4    Clark, it is clear that it relied on the "abuse of the writ" doctrine, and therefore it made a clear and

5    express statement that its judgment rested on a state procedural bar.  The abuse of the writ

6    principle in Clark stands for the proposition, however, that repeated attacks through successive

7    petitions are against the same judgment, not a different judgment.  Id. at 769-770 (referring to "*a*

8    final judgment," "*the* judgment," and "this judgment").  Nevertheless, this court is aware of no

9    federal authority holding that a prior, separate conviction stands as a procedural bar to a challenge

10   of a subsequent, but separate conviction for a similar offense.  Indeed, it is to the contrary.  See

11   McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (further challenging the *same* petition

12   may be successive).  Consequently, respondent's attempt to use a successive petition bar fails due

13   to the separateness of the convictions.

14   Assuming "successive" here means both abusive (raising different claims for the same

15   conviction in a subsequent habeas petition, or truly "successive" (raising the same claims for the

16   conviction in a subsequent habeas petition), the fact is that petitioner is permitted to challenge

17   each conviction in habeas regardless of the "handwriting on the wall."  Take for example a bank

18   robber who had several separately tried convictions for a series of bank robberies in different

19   jurisdictions.  We could not say that for one, or more, of those convictions, petitioner could not

20   seek habeas corpus on the grounds that insufficiency of the evidence had been decided for a prior

21   conviction, i.e., there is always the chance that the evidence was insufficient for a different,

22   particular conviction.  So too for factual due process issues, e.g., for petitioner's safety claim, for

23   one disciplinary, there is always the chance that there was not substantial evidence that he was

24   properly celled.  For a legal issue, while collateral estoppel might come into play on the merits,

25   petitioner simply has the right to challenge a separate conviction on previously ruled upon legal

26   grounds—once again—there is always the chance that a court might decide the issue differently

27   for a particular conviction.  For these reasons, the undersigned cannot conclude that the

28   / / /

9

1   successive petition bar was "consistently applied" for this petitioner simply because he had

2   numerous, valid, prior "convictions."

3        Under the circumstances presented here, this court finds that petitioner's claim is not

4   procedurally barred.

5        D.  Actual Innocence

6        Petitioner argues actual innocence based on his safety concerns in regard to a cellmate and

7   due to his later re-classification for single cell housing.  Respondent contends that this claim

8   should fail as nothing petitioner is presenting now is new evidence, and because a later chrono

9   recommending single cell housing after the event does not exonerate petitioner of the underlying

10  charge.

11       Because the motion to dismiss should be denied and an answer filed, the court declines to

12  address this argument at the present time.  This issue should be addressed in the answer and will

13  be decided with a merits determination.

14       E.  Dismissal of State Law Allegations

15       Finally, respondent contends that the petition contains allegations of violations of state

16  statutes and regulations, and since habeas only lies for errors of constitutional or federal law, all

17  state law claims should be dismissed for lack of jurisdiction.

18       Respondent is correct.  To the extent Petitioner is attempting to raise a claim for a

19  violation of state law, it is not cognizable via a section 2254 petition.  See Estelle v. McGuire,

20  502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  A writ of habeas corpus is available under section

21  2254(a) only on the basis of some transgression of federal law binding on the state courts.  Engle

22  v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558 (1982).

23       A review of the petition indicates that although petitioner has cited state law in support of

24  his allegations, his primary basis is federal law and the constitutional due process rights described

25  in Wolff v. McDonnell, 418 U.S. 539 (1974).  Federal due process is not implicated where prison

26  officials fail to comply with state law and regulations that are more generous than those mandated

27  by Wolff.  Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds*

28  *by* Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293 (1995).  See also Myers v.

1  Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996) ("prison official's failure to follow the prison's own

2  policies, procedures, and regulations does not constitute a violation of due process, if

3  constitutional minima are nevertheless met"); Rogers v. Okin, 738 F.2d 1, 8 (1st Cir.1984) ("[I]f

4  state procedures rise above the floor set by the due process clause, a state could fail to follow its

5  own procedures yet still provide sufficient process to survive constitutional scrutiny").  For

6  example, under Wolff, witnesses may be appropriately excluded where their testimony would

7  have been cumulative or irrelevant to the disciplinary proceedings, despite similar requirements

8  found in Title 15, section 3315(e)(1)(B) of the California Code of Regulations.  Wolff, 418 U.S.

9  at 566.  See also Knight v. Evans, 2008 WL 4104279, at *9 (N.D. Cal. Sept. 4, 2008) (noting that

10  although California law also recognizes other rights of  inmates in regard to calling witnesses

11  under 15 Cal.Code Reg. § 3315(e)(1) and Cal.Penal Code § 2932(c), the Due Process Clause only

12  requires that prisoners be afforded those procedures mandated by Wolff and its progeny).

13       The pertinent inquiry on federal habeas review is whether the prison complied with the

14  due process requirements established in Wolff, not whether it complied with its own regulations.

15  Therefore, the petition's string citations to state law are superfluous to the decision-making

16  process, and the court will not consider them in addressing the merits of the petition.  Petitioner

17  will not be required to amend his petition for this reason, however.

18  V.  CONCLUSION

19       For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

20       1.  Respondent's motion to dismiss, filed August 10, 2015 (ECF No. 13), be denied;

21       2.  Respondent be directed to file an answer to the petition within sixty days of an order

22  adopting these Findings and Recommendations.  See Rule 4, 28 U.S.C. foll. § 2254.  An answer

23  shall be accompanied by all transcripts and other documents relevant to the issues presented in the

24  petition.  See Rule 5, 28 U.S.C. foll. § 2254.

25       3.  Petitioner's reply, if any, should be filed and served within thirty days after service of

26  the answer.

27       These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11

1   after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4   shall be served and filed within fourteen days after service of the objections.  Failure to file

5   objections within the specified time may waive the right to appeal the District Court's order.

6   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7   Dated: December 31, 2015

8                                        /s/ Gregory G. Hollows

9                              UNITED STATES MAGISTRATE JUDGE

10

11

12   GGH:076/Larkin0527.hc-mtd.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28